# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———

**No. 19-5090**                                    **September Term, 2019**

FILED ON: JUNE 23, 2020

EAGLE TRUST FUND, ET AL.,
                    APPELLANTS

v.

UNITED STATES POSTAL SERVICE AND MEGAN J. BRENNAN, IN HER OFFICIAL CAPACITY AS
POSTMASTER GENERAL,
                    APPELLEES

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:17-cv-02450)

———

Before: TATEL and RAO, *Circuit Judges*, and SILBERMAN, *Senior Circuit Judge*

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties.  *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j).  The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion.  *See* D.C. CIR. R. 36(d).   It is

**ORDERED AND ADJUDGED** that the judgment of the district court be affirmed for the reasons stated in the memorandum accompanying this judgment.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.   The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

### Per Curiam

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:     /s/

Daniel J. Reidy
Deputy Clerk

Eagle Trust Fund, et al. v. United States Postal Service and Megan J. Brennan, in her official capacity as Postmaster General
No. 19-5090

## MEMORANDUM

This case arises from a mail dispute over a change-of-address request filed by Eagle Forum (a non-party) and opposed by plaintiffs Eagle Trust Fund, John Schlafly, and Eagle Forum Education & Legal Defense Fund.  The U.S. Postal Service concluded that Eagle Forum should be the recipient of the contested mail.  The plaintiffs then filed this suit contending that the Service erred in three principal respects:  (1) the Service failed to engage in reasoned decisionmaking, (2) the Service failed to follow its own binding regulations, and (3) the Service's administrative review provisions violate due process by not providing for reconsideration in light of after-arising grounds or evidence.  The district court granted the Service's motion to dismiss for failure to state a claim. *Eagle Tr. Fund v. U.S. Postal Serv.*, 365 F. Supp. 3d 57, 63 (D.D.C. 2019).  The court reasoned that the plaintiffs have no cause of action under which to bring their first two challenges, and it concluded that the due process challenge fails on the merits.  *Id.* at 64–70.  We affirm largely for the same reasons.

Nearly all of the plaintiffs' arguments on appeal understandably aim at identifying an available cause of action under which their first two challenges may proceed. Review under the Administrative Procedure Act, 5 U.S.C. §§ 500 *et seq.*, is unavailable here in light of 39 U.S.C. § 410(a), which states that, with certain exceptions not relevant here, "no Federal law dealing with public or Federal contracts, property, works, officers . . . *including the provisions of chapters 5 and 7 of title 5*, shall apply to the exercise of the powers of the Postal Service" (emphasis added).  *See Mittleman v. Postal Regulatory Comm'n*, 757 F.3d 300, 305 (D.C. Cir. 2014).  The plaintiffs argue that a few different sources of "non-APA and pre-APA review" still remain for their first two challenges.  Appellants' Br. at 23.  But we have explained that such "non-statutory" review is "quite narrow," and is available "only to determine whether the agency has acted 'ultra vires'—that is, whether it has 'exceeded its statutory authority.'"  *Mittleman*, 757 F.3d at 307 (quoting *Aid Ass'n for Lutherans v. U.S. Postal Serv.*, 321 F.3d 1166, 1173 (D.C. Cir. 2003)).

Neither of the first two errors alleged by the plaintiffs amounts to ultra vires action.  As an initial matter, neither challenge even mentions a statute, much less alleges a violation of one.  *See* J.A. at 64–67.  The Service's purported lack of reasoned decisionmaking stems from its failure to account for the intent of senders who ambiguously address mail to the "Eagle Forum" or to "Eagle Forum, Attn: Phyllis Schlafly."  *Id.* at 64–65.  That is a heartland arbitrary-and-capricious challenge under the APA, not a claim that the Service exceeded its statutory authority.

Perhaps recognizing that none of our decisions have placed an agency's failure to follow its own regulations in the "ultra vires" category, the plaintiffs before the district court and on appeal attempt to recast their second challenge as alleging a violation of due process, which, they argue, itself constitutes ultra vires action by the agency.  But a

constitutional claim is separate from an ultra vires claim. *See Sears, Roebuck & Co. v. U.S. Postal Serv.*, 844 F.3d 260, 265 (D.C. Cir. 2016) (collecting and summarizing cases, none of which include constitutional claims within ultra vires review). Certain constitutional claims might—we don't decide that here—be brought *on their own* where a statute that forecloses APA review does not meet the "heightened showing" we require of Congress to preclude review of constitutional claims. *Webster v. Doe*, 486 U.S. 592, 603 (1988). And our opinions to that effect do not speak in terms of ultra vires review. *See, e.g.*, *Gill v. U.S. Dep't of Justice*, 875 F.3d 677, 683–84 (D.C. Cir. 2017) (Tatel, J., concurring). So while the plaintiffs might be able to bring a constitutional challenge and attempt to argue that due process requires the Service to follow its own regulations, they have not in fact done so here. The relevant portion of the complaint says nothing about due process or the Constitution, *see* J.A. at 66–67, and we reject the plaintiffs' attempt to shoehorn their second challenge into the ultra vires category on that basis.

The plaintiffs urge next that constitutional avoidance should lead us to expand judicial review of the Service's decision beyond the limits set out in *Mittleman*. Those limits, they argue, would in effect unconstitutionally vest the judicial power in non-Article III courts. But even if we thought such an argument had merit, we are not free to sidestep *Mittleman*. Again, in *Mittleman* we stated that non-statutory review is available "only to determine whether the agency has acted ultra vires," 757 F.3d at 307 (internal quotation omitted), a statement we later described as *Mittleman*'s "holding," *Sears, Roebuck & Co.*, 844 F.3d at 265. A party may bring an actual Article III challenge in the future (unlike the plaintiffs here), but one panel may not overrule another even where a party argues that a prior decision raises constitutional concerns. *See United States v. Eshetu*, 898 F.3d 36, 37 (D.C. Cir. 2018).

The plaintiffs have not appealed the dismissal of their challenge to the Service's administrative review provisions as violative of due process. Similarly, while the plaintiffs purport to appeal the denial of their motion to alter the district court's judgment, they provide no argument as to how the district court abused its discretion in applying the standards governing Federal Rule of Civil Procedure 59(e). In any event, the district court did not err because it too was bound by *Mittleman* despite any constitutional concerns. Finally, we will not address the plaintiffs' Appointments Clause challenge, which they raised for the first time on appeal. *See Salazar ex rel. Salazar v. Dist. of Columbia*, 602 F.3d 431, 437 (D.C. Cir. 2010).